1  KEVIN P. MUCK (CSB No. 120918)
   kmuck@fenwick.com
2  CATHERINE KEVANE (CSB No. 215501)
   ckevane@fenwick.com
3  MARIE C. BAFUS (CSB No. 258417)
   mbafus@fenwick.com
4  FENWICK & WEST LLP
   555 California Street, 12th Floor
5  San Francisco, CA  94104
   Telephone:    (415) 875-2300
6  Facsimile:    (415) 281-1350

7  Attorneys for Defendants
   Equinix, Inc., Stephen M. Smith and Keith D. Taylor
8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

| 12 | CEMENT MASONS & PLASTERERS JOINT PENSION TRUST, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>EQUINIX, INC., STEPHEN M. SMITH and KEITH D. TAYLOR,<br><br>Defendants. | Case No.  11-CV-01016-SC<br><br>CLASS ACTION<br><br>**STIPULATION EXTENDING TIME FOR ALL DEFENDANTS TO RESPOND TO COMPLAINT**<br><br>[Civil Local Rule 6-1(a)] |
|---|---|---|

22     WHEREAS, the above-captioned action is alleged to be a class action asserting violations

23  of the federal securities laws against Defendants Equinix, Inc., Stephen M. Smith and Keith D.

24  Taylor (collectively, "Defendants");

25     WHEREAS, the above-captioned action is subject to the requirements of the Private

26  Securities Litigation Reform Act of 1995 (the "Reform Act"), which sets forth specialized

27  procedures for the administration of securities class actions;

28

1 WHEREAS, the Reform Act provides for, among other things, the appointment of a lead plaintiff to act on behalf of the alleged class, pursuant to 15 U.S.C. § 78u-4(3)(B);

WHEREAS, the parties expect that motions for appointment of a lead plaintiff and lead counsel will be filed by May 3, 2011;

WHEREAS, Defendants intend to file motions to dismiss the claims asserted against them; and

WHEREAS, because the special procedures specified in the Reform Act contemplate appointment of lead plaintiff and lead counsel, and because the lead plaintiff and lead counsel appointed by the Court should have the opportunity to file an amended complaint, requiring Defendants to respond to the initial complaint in the above-referenced action would serve no purpose and would result in the needless expenditure of private and judicial resources.

IT IS ACCORDINGLY STIPULATED, pursuant to Civil L.R. 6-1(a), by and between the undersigned counsel for the Parties, that:

1. The time for each Defendant to answer, move or otherwise respond to the complaint is extended until after the appointment of a lead plaintiff and lead counsel;

2. Within forty-five (45) days from the date that the Court appoints a lead plaintiff in this action pursuant to 15 U.S.C. § 78u-4(3)(B), such lead plaintiff shall either file an amended complaint ("Amended Complaint") or designate the most recent complaint on file as its operative complaint ("Operative Complaint");

3. Within forty-five (45) days from the date that the Court-appointed lead plaintiff either files an Amended Complaint or designates an Operative Complaint (pursuant to the preceding paragraph), Defendants shall file an answer, motion to dismiss or other response to such Amended Complaint or Operative Complaint;

4. Defendants shall have no obligation to file any answer, motion to dismiss or other responsive pleading to any complaint in this action until an Amended Complaint is filed (or Operative Complaint is designated) by the Court-appointed lead plaintiff.

Pursuant to General Order No. 45 Section X(B), all of the signatories concur in the filing of this stipulation.

| | | |
|---|---|---|
| 1 | Dated: April 18, 2011 | FENWICK & WEST LLP |
| 2 | | By: /s/ *Kevin P. Muck* |
| 3 | | Kevin P. Muck |
| 4 | | Attorneys for Defendants Equinix, Inc., Stephen M. Smith and Keith D. Taylor |
| 5 | | |
| 6 | Dated: April 18, 2011 | ROBBINS GELLER RUDMAN & DOWD LLP |
| 7 | | By: /s/ *Shawn A. Williams* |
| 8 | | Shawn A. Williams |
| 9 | | Attorneys for Plaintiff Cement Masons & Plasterers Joint Pension Trust |

IT IS SO ORDERED

Judge Samuel Conti

4/21/11

---

STIPULATION EXTENDING TIME FOR ALL DEFENDANTS TO RESPOND     3     CASE NO. 11-CV-01016-SC