ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
         – and –
DARREN J. ROBBINS (168593)
BRIAN O. O'MARA (229737)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
bomara@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEMENT MASONS & PLASTERERS JOINT PENSION TRUST, Individually and on Behalf of All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>  vs.<br><br>EQUINIX, INC., et al.,<br><br>                  Defendants. | No. 11-cv-01016-SC<br><br>CLASS ACTION<br><br>THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 697 PENSION FUND'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>DATE:    June 24, 2011<br>TIME:    10 a.m.<br>CTRM:  1<br>JUDGE:  Hon. Samuel Conti |

622094_1

**NOTICE OF MOTION AND MOTION**

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on Friday, June 24, 2011, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 1 of the Honorable Samuel Conti, the International Brotherhood of Electrical Workers Local 697 Pension Fund ("IBEW" or the "Fund") will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4-1(a)(3)(B), for an order: (1) appointing the Fund as Lead Plaintiff; and (2) approving the Fund's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel for the class.

This Motion is made on the grounds that the Fund is the "most adequate plaintiff" to serve as lead plaintiff. In support of this Motion, the Fund submits herewith a Memorandum of Points and Authorities and the Declaration of Brian O. O'Mara ("O'Mara Decl.").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. STATEMENT OF ISSUES TO BE DECIDED**

This is a securities class action on behalf of all persons who purchased or otherwise acquired the common stock of Equinix, Inc. ("Equinix" or the "Company") between July 29, 2010 and October 5, 2010, inclusive (the "Class Period"), against Equinix and certain of its officers and/or directors for violations of the Securities Exchange Act of 1934 (the "1934 Act").

According to the PSLRA, the Court is to appoint as lead plaintiff the member of the purported class with the largest financial interest in the relief sought by the class that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B). Here, IBEW should be appointed as lead plaintiff because it: (1) timely filed its motion for appointment as lead plaintiff; (2) has the largest financial interest in the outcome of this litigation of any movant of which it is aware; and (3) will adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also* O'Mara Decl., Ex. A.

622094_1

NOT OF MOT AND THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 697 PENSION FUND'S MOT FOR APPOINTMENT AS LEAD PLTFF AND APPROVAL OF SELECTION OF COUNSEL; MEMO OF P'S AND A'S IN SUPPORT THEREOF - 11-cv-01016-SC     - 1 -

In addition, IBEW's selection of Robbins Geller to serve as lead counsel should be approved because Robbins Geller possesses extensive experience in the prosecution of securities class actions and will adequately represent the interests of all class members.

## II.     SUMMARY OF THE ACTION

Equinix is a global network-neutral provider of data centers and Internet exchanges. Equinix offers the following data center services: premium data center colocation, interconnection and exchange services, and outsourced IT infrastructure services. In April 2010, the Company acquired its primary competitor, Switch and Data Corporation Facilities Company, Inc. ("Switch & Data"), for $700 million in a cash and stock transaction. The deal was first announced in October 2009 and closed on April 30, 2010, after an extensive review by the Antitrust Division of the Department of Justice ("DOJ").

During the Class Period, defendants issued materially false and misleading statements regarding the Company's business and financial results. Specifically, defendants failed to disclose that Equinix was having difficulty with the integration of Switch & Data into its operations due to a decline in bookings prior to the close of the acquisition and due to the Company's aggressive synergy plan. Defendants further continuously hyped demand for the Company's colocation services as being robust and failed to disclose that the Company's business model was not working and was causing the Company to experience increased churn and pricing pressure on its colocation services. As a result of defendants' false statements, Equinix's stock traded at artificially inflated prices during the Class Period, reaching a high of $105.09 per share on October 5, 2010.

On October 5, 2010, Equinix issued a press release announcing revised third quarter and fiscal year 2010 guidance. The Company reported it expected revenue to be in the range of $328.0 to $330.0 million for the third quarter of 2010. The Company further reported it expected revenues for the full year 2010 to be approximately $1,215.0 million, 1.2% lower than the midpoint of its previous outlook. The release stated in part:

> This updated guidance is due to underestimated churn assumptions in Equinix's forecast models in North America, greater than expected discounting to secure longer term contract renewals and lower than expected revenues attributable to the Switch and Data business acquired in April 2010.

After releasing its revised financial guidance on October 5, 2010, Equinix hosted a conference call during which the Company announced it would transition from a demand fulfillment business model to a demand creation model.

On this news, Equinix's stock collapsed $34.75 per share to close at $70.34 per share on October 6, 2010, a one-day decline of over 33% on high volume.

The true facts, which were known by the defendants but concealed from the investing public during the Class Period, were as follows:

(a) Booking trends at Switch & Data fell off dramatically during the DOJ review process. Beginning in December 2009, bookings at Switch & Data significantly weakened over previous levels, bottoming out in July 2010. The weak Switch & Data bookings were exacerbated by the Company's aggressive synergy plan, which eliminated the majority of Switch & Data's legacy sales force immediately upon completion of the merger.

(b) Demand for the Company's colocation services was not as robust as previously disclosed and as a result of the changing outlook in demand, the Company would be transitioning from a demand fulfillment business model to a demand creation model.

(c) Intensified competition was placing significant pressure on the Company's churn and renewal rates. Equinix's churn rate jumped to 2.9% in the third quarter of 2010, well above its historical average of 2%. The intensified competition was further causing pricing instability in the colocation market, as the Company was forced to give price concessions in order to secure certain long-term contract renewals.

(d) The Company's forecasting model failed to take into account booking trends at the newly acquired Switch & Data, and increased churn rates and pricing pressures in the colocation market. Moreover, given the increased competitive pressures and the changing landscape in the industry, the Company had no reasonable basis to make projections about its revenue growth.

622094_1

NOT OF MOT AND THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 697 PENSION FUND'S MOT FOR APPOINTMENT AS LEAD PLTFF AND APPROVAL OF SELECTION OF COUNSEL; MEMO OF P'S AND A'S IN SUPPORT THEREOF - 11-cv-01016-SC  - 3 -

As a result of defendants' false statements, Equinix's stock traded at artificially inflated levels during the Class Period. However, after the above revelations seeped into the market, the Company's shares were hammered by massive sales, sending them down over 33% from their Class Period high.

## III. ARGUMENT

### A. IBEW Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). This notice shall advise members of the class of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within 60 days of publication of the notice. Here, notice was published on March 4, 2011, on *Business Wire* in connection with the filing of the first-filed action. *See* O'Mara Decl., Ex. B.

Next, the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). The Fund meets each of these requirements and should therefore be appointed lead plaintiff.

#### 1. IBEW's Motion Is Timely

The Fund has timely filed this Motion within 60 days of the March 4, 2011 notice publication, and has also duly signed and filed a certification evidencing, among other things, its

622094_1

NOT OF MOT AND THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 697 PENSION FUND'S MOT FOR APPOINTMENT AS LEAD PLTFF AND APPROVAL OF SELECTION OF COUNSEL; MEMO OF P'S AND A'S IN SUPPORT THEREOF - 11-cv-01016-SC - 4 -

willingness to serve as a representative party on behalf of the class. *See* O'Mara Decl., Ex. A. Accordingly, the Fund has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have its application for appointment as lead plaintiff considered by the Court.

### 2. IBEW Possesses the Largest Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. *See Cavanaugh*, 306 F.3d at 732. As demonstrated herein, the Fund suffered a loss exceeding $43,000 from its purchase of Equinix common stock. *See* O'Mara Decl., Exs. A, C. To the best of its knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest. Therefore, the Fund satisfies the PSLRA's prerequisite of having "the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).

### 3. IBEW Meets Federal Rule of Civil Procedure 23's Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally requires that the claims of representative parties be typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23; *Cavanaugh*, 306 F.3d at 730. As detailed below, The Fund satisfies the typicality and adequacy requirements of Rule 23(a).

The test of typicality "'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted); *see also In re Advanced Tissue Scis. Sec. Litig.*, 184 F.R.D. 346, 349 (S.D. Cal. 1998) (typicality requirement of Rule 23(a)(3) is satisfied when representative plaintiffs' claims arise out of the same event or course of conduct as do the other class members' claims, and are based on the same legal theories). The threshold typicality and

commonality requirements are not high; Rule 23(a) requires only that resolution of the common questions affect all, or a substantial number of, class members. *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 657 (C.D. Cal. 2000). The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced and generally able to conduct the litigation. *Richardson v. TVIA, Inc.*, No. C-06-06304 RMW, 2007 U.S. Dist. LEXIS 28406, at *16 (N.D. Cal. Apr. 16, 2007) (citing Fed. R. Civ. P. 23(a)(4) and *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)).

Here, the Fund meets the typicality and adequacy requirements because, like all other members of the purported class, it purchased Equinix common stock at artificially inflated prices during the Class Period and suffered damages thereby. Because the Fund's claims are premised on the same legal and remedial theories and are based on the same types of alleged misrepresentations and omissions as the class's claims, typicality is satisfied. *See In re Surebeam Corp. Sec. Litig.*, No. 03-cv-1721 JM (POR), 2003 U.S. Dist. LEXIS 25022 (S.D. Cal. Jan. 5, 2004). Additionally, the Fund is not subject to any unique defenses and there is no evidence of any conflicts between the Fund and the other class members.

IBEW therefore satisfies the *prima facie* showing of the typicality and adequacy requirements of Rule 23 for purposes of this Motion.

**B.    This Court Should Approve IBEW's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Here, IBEW has selected Robbins Geller as lead counsel for the class. Robbins Geller has successfully prosecuted numerous securities fraud class actions on behalf of injured investors and has been appointed as lead counsel in landmark class actions, including *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002). *See* O'Mara Decl., Ex. D. Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of

622094_1

NOT OF MOT AND THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 697 PENSION FUND'S MOT FOR APPOINTMENT AS LEAD PLTFF AND APPROVAL OF SELECTION OF COUNSEL; MEMO OF P'S AND A'S IN SUPPORT THEREOF - 11-cv-01016-SC   - 6 -

legal representation available from Robbins Geller as lead counsel. *Id.* Because the Fund has selected and retained counsel experienced in litigating securities fraud class actions with the resources to prosecute this action to the greatest recovery possible for the class, its choice of Robbins Geller as lead counsel should be approved.

## IV. CONCLUSION

For the foregoing reasons, the International Brotherhood of Electrical Workers Local 697 Pension Fund respectfully requests that the Court: (1) appoint it as Lead Plaintiff; and (2) approve its selection of Robbins Geller as Lead Counsel for the class.

DATED: May 3, 2011

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
BRIAN O'MARA

s/ BRIAN O'MARA
BRIAN O'MARA

655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

[Proposed] Lead Counsel for Plaintiff

622094_1

NOT OF MOT AND THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 697 PENSION FUND'S MOT FOR APPOINTMENT AS LEAD PLTFF AND APPROVAL OF SELECTION OF COUNSEL; MEMO OF P'S AND A'S IN SUPPORT THEREOF - 11-cv-01016-SC    - 7 -

CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 3, 2011.

    s/ BRIAN O. O'MARA
BRIAN O. O'MARA

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:briano@rgrdlaw.com

622094_1

# Mailing Information for a Case 3:11-cv-01016-SC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Marie Caroline Bafus**
  mbafus@fenwick.com,sfuentes@fenwick.com

- **Catherine Duden Kevane**
  ckevane@fenwick.com,knesbit@fenwick.com,kdeleon@fenwick.com

- **Kevin Peter Muck**
  kmuck@fenwick.com,cprocida@fenwick.com

- **Darren Jay Robbins**
  e_file_sd@rgrdlaw.com

- **David Conrad Walton**
  davew@rgrdlaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Catherine J. Kowalewski
Robbins Geller Rudman & Dowd LLP
655 West Broadway
Suite 1900
San Diego, CA 92101
```